UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

AUDRIE PEREZ,            )
                         )
        Plaintiff        )
                         )
v.                       )   No. 2:11-cv-244-NT
                         )
MICHAEL J. ASTRUE,       )
Commissioner of Social Security, )
                         )
        Defendant        )

*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

The plaintiff applies for an award of attorney and paralegal fees in the sum of $2,961.03 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, after obtaining reversal and remand of an adverse decision by the commissioner. *See* EAJA Application for Fees and Expenses ("Motion") (Docket No. 14); Exh. A (Docket No. 14-1) thereto. For the reasons that follow, I recommend that the court grant the Motion, but award a total of only $2,403.53 in fees.

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses of attorneys[.]" *Id*. § 2412(b). "[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). "The plaintiffs bear

1

the burden of establishing the reasonableness of the rates and hours submitted in their application for fees." *Mason v. Maine Dep't of Corr.*, 387 F. Supp.2d 57, 60 (D. Me. 2005).

The commissioner concedes that (i) the plaintiff is a prevailing party entitled to an EAJA award, (ii) the total number of hours expended (4.05 for attorneys and 22.3 for paralegals) is reasonable, and (iii) the hourly rate sought for attorney time ($180.50) is reasonable. *See* Defendant's Response in Partial Opposition to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("Opposition") (Docket No. 15) at 1, 4. However, he opposes the requested hourly rate of $100.00 for paralegal time, arguing that the plaintiff has made an insufficient showing to justify an increase from the standard rate of $75.00 per hour awarded for paralegal time in Social Security cases in this court. *See id.* at 2-4.

On March 12, 2012, the same day as the plaintiff filed her reply brief in support of the instant motion, *see* Plaintiff's Reply Memorandum ("Reply") (Docket No. 16), Judge Hornby affirmed a recommended EAJA fee decision of Magistrate Judge Kravchuk that had been cited by the commissioner in his Opposition, *Pearson v. Social Sec. Admin. Comm'r*, No. 1:11-cv-00252-DBH, 2012 WL 556257 (D. Me. Feb. 17, 2012) (rec. dec., *aff'd* Mar. 12, 2012, 2012 WL 837243), *see* Opposition at 3.

*Pearson* is dispositive of the instant case. Judge Hornby rejected identical evidence and arguments proffered by the same attorney in support of a $100.00 paralegal hourly rate in Social Security EAJA fee cases. *Compare* Motion at 2 (citing *Spooner v. EEN, Inc.*, __ F. Supp.2d __, No. 08-cv-262-P-S, 2010 WL 4286358 (D. Me. Oct. 28, 2010), *aff'd*, 644 F.3d 62 (1st Cir. 2011)); Affidavit [of Attorney] in Support of Application for EAJA Fees (Docket No. 14-2), attached thereto, ¶ 6 (averring that "[a] rate of $100.00 per hour for paralegal work in the Portland market is also reasonable"); Reply at 3-4 (citing *Spooner*; *H-D Michigan, LLC v.*

2

*Hannon*, Civil No. 09-378-P-S, 2010 WL 915206 (D. Me. Mar. 7, 2010) (rec. dec., *aff'd* Mar. 25, 2010); and *Nationwide Payment Solutions, LLC. v. Plunkett*, No. 2:09-cv-600-GZS, 2012 WL 234852 (D. Me. Jan. 24, 2012) (rec. dec., *aff'd* Feb. 15, 2012)) *with Pearson*, 2012 WL 837243, at *1 (agreeing with Magistrate Judge Kravchuk that "'the one-line description of $100 as a reasonable market rate for Portland' that is contained in the plaintiff's lawyer's affidavit is not enough"; observing, "Perhaps it is time for an adjustment, but this case does not furnish the appropriate evidentiary record for what prevailing market rates are now and, contrary to the plaintiff's arguments, this District's precedents [*H-D Michigan*, *Spooner*, and *Nationwide*] do not provide what is missing.") (footnote omitted). Here, on the showing made, as in *Pearson*, the appropriate rate for reimbursement of paralegal time remains $75.00, the hourly rate that "has been accepted by this District in the past for social security cases." *Id.*[1]

The plaintiff having fallen short of making a sufficient showing that $100.00 is the prevailing hourly market rate for paralegals in Social Security cases, I recommend that the court **GRANT** the Motion but award a total of $2,403.53 in EAJA fees, representing reimbursement for 4.05 hours of attorney time at the rate of $180.50 per hour and 22.3 hours of paralegal time at the rate of $75.00 per hour.[2]

---

[1] In her reply brief, the plaintiff grappled with Magistrate Judge Kravchuk's recommended decision in *Pearson* by stating that, in that case, the commissioner had taken the position that a paralegal rate of $90.50 was reasonable and, in any event, the instant case is distinguishable because the client is from southern Maine. *See* Reply at 5. With respect to the second point, he argued that, in *Pearson*, Magistrate Judge Kravchuk suggested that Portland area paralegal rates were not precedential for the court sitting in Bangor in a case in which the client was domiciled in Howland, Maine. *See id.* Neither point justifies a departure from *Pearson*, as affirmed by Judge Hornby. First, as the commissioner notes, he cannot fairly be characterized as having taken the position that a rate of $90.50 per hour was reasonable for paralegals. *See* Defendant's Sur-Reply to Plaintiff's Reply Memorandum (Docket No. 19). Rather, as Magistrate Judge Kravchuk noted, he stated that $75.00 was a more reasonable rate and that, in any event, the rate should not exceed one-half of the EAJA attorney rate, or $90.50. *See Pearson*, 2012 WL 556257, at *2. Second, in affirming Magistrate Judge Kravchuk's recommended decision, Judge Hornby made clear that the claimant had made an inadequate showing to justify an increased paralegal hourly rate in Social Security cases in this District. *See Pearson*, 2012 WL 837243, at *1.

[2] In her Motion, the plaintiff requested that the court direct the commissioner to pay any EAJA fee award to her counsel in accordance with an EAJA assignment that she executed in their favor. *See* Motion at 2-3; Exh. C (Docket
(*continued on next page*)

## NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of April, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

No. 14-4) thereto. However, in her reply brief, she acknowledges the correctness of the commissioner's position that he cannot honor any such assignment unless he determines that she owes no debt to the government that is subject to offset through the Treasury Department's Offset Program. *See* Opposition at 4-5; Reply at 1. Hence, I decline to recommend that the court issue such a directive.